# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| KEVIN L. WEATHERALL | : | DOCKET NO. 04-1766 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

On July 27, 2005, the undersigned notified the parties that the court was considering entering summary judgment *sua sponte* in favor of the Commissioner due to the apparent untimeliness of the instant complaint. (July 27, 2005, Minute Entry). The parties were allotted 10 days to submit any briefs and/or competent summary judgment evidence as to this issue. *Id*. The time has since elapsed and neither side has filed a response. The matter is now before the court.[1]

## Summary Judgment Principles

Summary judgment is proper if the movant demonstrates that "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; *Lechuga v. Southern Pacific Transp. Co.*, 949 F.2d 790 (5th Cir. 1992). "In order to defeat a properly supported motion for summary judgment, the nonmoving party must direct the court's attention to admissible evidence in the record which

---

[1] The matter has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

demonstrates that it can satisfy a "fair-minded jury" that it is entitled to a verdict in its favor." *Conticommodity Services, Inc. v. Ragan*, 63 F.3d 438, 441 (5th Cir. 1995)(citing, *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257 (5th Cir. 1991)).

In response to a properly supported motion for summary judgment, the non-movant, may not rest upon the mere allegations or denials contained in his pleadings, but instead must set forth, by affidavit or otherwise, the specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). In other words, once the moving party points to an absence of evidence in the nonmoving party's case, the nonmovant must come forward with summary judgment evidence sufficient, such that if introduced at trial, it would suffice to prevent a directed verdict against the nonmovant. *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995).

Discussion

The instant complaint seeks review of a decision issued by the Commissioner of the Social Security Administration denying plaintiff's application for benefits, 42 U.S.C. § 405(g). (*See*, Complaint). "Generally, a claimant has sixty days to seek judicial review of the Commissioner's final decision. This period runs from the date the claimant received notification of the decision. There is a rebuttable presumption that notice is received five days after it is mailed by the Commissioner to the claimant." *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997)(citations omitted).

Here, the administrative process was completed, and a "final decision" rendered by the Commissioner on June 8, 2004. (Tr. 6-8; 20 C.F.R. § 404.900(a)). A "Notice of Appeals

Council Action" dated June 8, 2004, was addressed to plaintiff.  (Tr. 6-8).[2]  Plaintiff is presumed to have received the decision five days after the decision was sent (*i.e.* by June 14, 2004).[3] *Kinash, supra*.  Plaintiff does not contest that he received the notice.

The instant suit was not received by the Clerk of Court until August 19, 2004, – 66 days after plaintiff was presumed to have received the Commissioner's decision.  There is no indication that plaintiff requested an extension of time to file a civil action.  Moreover, no circumstances have been alleged or established that would support equitable tolling of the 60 day period.  *See, Flores v. Sullivan*, 949 F.2d 109, 113 (5th Cir. 1991).  Therefore, the suit is time-barred.  *See, Flores, supra.*

For the foregoing reasons, we find that there are no disputed issues of material fact, and that the Commissioner is entitled to judgment as a matter of law dismissing plaintiff's claims in their entirety.  Fed.R.Civ.P. 56.  Accordingly,

IT IS RECOMMENDED that judgment be entered in favor of defendant, Jo Anne B. Barnhart, Commissioner of Social Security, and against plaintiff, Kevin L. Weatherall, dismissing plaintiff's claims with prejudice.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court.  Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS**

---

[2]  He was also notified of his right to commence a civil action by filing a complaint with the United States District Court within 60 days from receipt of the letter.  *Id*.

[3]  The fifth day was actually June 13, 2004.  However, because that day was a Sunday, the time period began to run on the next business day, June 14, 2004.  Fed.R.Civ.P. 6.

**AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 23rd day of August, 2005.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE